SENTELLE, Chief Judge,
concurring in part and dissenting in part:
I fully join the opinion of the court in all respects concerning the crime of rioting, and therefore concur in the disposition reversing the summary judgment as to the arrest on the rioting charges. However, as to the summary judgment on the arrest for parading without a permit in violation of 24 DCMR § 707.7, I disagree with the court’s analysis as expressed in the penultimate paragraph of the opinion and therefore dissent from the affirmance of the grant of summary judgment. It is uncontested that the protestors’ conduct met the first two elements for such a violation: the protestors were participating in a march and the District of Columbia had not issued a permit for the march. The only element at issue is the mens rea requirement of “knowing.” The majority asks, “Why would a marcher believe a permit would not be granted to march on 18th Street, even though it is a partly residential area, or that the District would not authorize a night march?” I would state the question differently: “Why would anyone believe that the District would grant a permit for a night march through a partly residential area?” It seems to me that the police could have inferred that the protes *412 tors knew that no permit had been issued from the time and location of the march.
It may be that the court’s reasoning would support a. verdict on this count in favor of appellants after trial, but we review the case on summary judgment. The question on summary judgment is whether there is “no genuine issue as to any material fact.” It is true that under Rule 56, “the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is equally true that “[i]f reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed.” Id. at 250-51, 106 S.Ct. 2505. In making the necessary determination “at the summary judgment stage the judge’s function is not [herjself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.” Id. at 249, 106 S.Ct. 2505.
As the evidence to me discloses a reasonable inference opposite than that drawn by the majority and the district court, and as I deem us all reasonable, it appears to me that reasonable minds can differ. Weighing the evidence and the inferences is not for us, but for a trier of fact. I would therefore reverse and remand the summary judgment as to this issue, as well as the first.